UNITED STATES, Appellant and Cross-Appellee

v.

Jimmy L. WILSON, Technical Sergeant
U.S. Air Force, Appellee and Cross-Appellant

Nos. 13-0157 and 14-5003

Crim. App. No. 37897

United States Court of Appeals for the Armed Forces

Argued June 4, 2014

Decided August 21, 2014

STUCKY, J., delivered the opinion of the Court, in which
ERDMANN, RYAN, and OHLSON, JJ., joined.  BAKER, C.J., filed a
separate dissenting opinion.


Counsel


For Appellant and Cross-Appellee:  Major Daniel J. Breen
(argued); Lieutenant Colonel C. Taylor Smith and Gerald R.
Bruce, Esq. (on brief).


For Appellee and Cross-Appellant:  Captain Thomas A. Smith
(argued).

Military Judge:  Terry A. O'Brien

THIS OPINION IS SUBJECT TO RECISION BEFORE FINAL PUBLICATION.

United States v. Wilson, Nos. 13-0157/AF & 14-5003/AF

Judge STUCKY delivered the opinion of the Court.

After the United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence in Technical Sergeant (TSgt) Wilson's case, United States v. Wilson (Wilson I), No. ACM 37897, 2012 CCA LEXIS 385, 2012 WL 5392330 (A.F. Ct. Crim. App. Oct. 12, 2012) (per curiam) (unpublished), this Court reversed. United States v. Wilson (Wilson II), 72 M.J. 447 (C.A.A.F. 2013). We directed the CCA to consider on remand a specified issue: whether Article 12, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 812 (2012), applies to a military member confined in a state or federal institution in the United States. Wilson II, 72 M.J. at 447. The court below answered this question in the affirmative. United States v. Wilson (Wilson III), 73 M.J. 529, 533 (A.F. Ct. Crim. App. 2014). The United States Air Force Judge Advocate General then certified the same issue to this Court to decide. United States v. Wilson, 73 M.J. 243 (C.A.A.F. 2014) (notice of filing of certificate of review). We hold that we have jurisdiction to decide this question and, consistent with United States v. McPherson, __ M.J. __, __ (2) (C.A.A.F. 2014), we affirm the CCA's judgment that Article 12 applies to military members without geographic limitation.[1]

---

[1] In doing so, we also deny review of the two issues TSgt Wilson raised in his cross-petition.

## I.  Background

A general court-martial composed of officer and enlisted members convicted TSgt Wilson of a single specification of failing to obey orders.  Article 92, UCMJ, 10 U.S.C. § 892 (2012).  The convening authority approved the adjudged sentence: a bad-conduct discharge, confinement for three months, and reduction to the grade of E-2.  TSgt Wilson served his sentence to confinement at a civilian jail in Cook County, Georgia. Wilson III, 73 M.J. at 534.

Because Article 12 prohibits confining American military prisoners in immediate association with foreign nationals, and because the Cook County Jail had no methodology for identifying which prisoners were foreign nationals, jail officials kept TSgt Wilson in a single cell segregated from other prisoners to avoid an Article 12 violation.  Id. at 530.  TSgt Wilson requested clemency multiple times from the convening authority due to what, in effect, amounted to solitary confinement.  TSgt Wilson also appealed to the CCA, claiming his solitary confinement amounted to cruel and unusual punishment in violation of Article 55, UCMJ, 10 U.S.C. § 855 (2012).  Wilson I, 2012 CCA LEXIS 385, at *2, 2012 WL 5392330, at *1.

The CCA affirmed the findings and sentence.  Id. at *4, 2012 WL 5392330, at *2.  TSgt Wilson appealed to this Court. United States v. Wilson, 72 M.J. 4 (C.A.A.F. 2012) (notice of

United States v. Wilson, Nos. 13-0157/AF & 14-5003/AF

filing of petition for grant of review).  We reversed the decision of the court below and specified the Article 12 issue. Wilson II, 72 M.J. 447.

On remand, the CCA held that Article 12, UCMJ, "applies to members of the armed forces 'everyplace,' to include confinement facilities within the continental United States."  Wilson III, 73 M.J. at 533 (quoting Uniform Code of Military Justice: Hearings on H.R. 2498 Before a Subcomm. of the H. Comm. on Armed Servs., 81st Cong. 914-15 (1949), reprinted in Index and Legislative History, Uniform Code of Military Justice (1950) (not separately paginated)).  The case is now before us on the Judge Advocate General's certification on the same issue we originally specified.

## II.  Jurisdiction

TSgt Wilson responded to the certified issue only by stating that it is nonjusticiable because there is no case or controversy and any opinion rendered by this Court would be advisory.  We disagree.

This Court has statutory jurisdiction to review the CCA's decision under Article 67(a)(2), UCMJ, which provides that this Court shall review "all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General orders sent to [this Court] for review."  10 U.S.C. § 867 (2012).

4

Contrary to TSgt Wilson's assertion, there is a justiciable case and controversy before this Court.  The CCA has rendered a "final action" in Appellee's case by deciding the Article 12 issue.  See LRM v. Kastenberg, 72 M.J. 364, 367 (C.A.A.F. 2013) (holding that, where the CCA took a final action on a petition for extraordinary relief, this Court had jurisdiction over the certificate submitted by the Judge Advocate General pursuant to Article 67(a)(2), UCMJ).  Here, the applicability of Article 12 to TSgt Wilson is interwoven with the resolution of his complaints about confinement conditions.  This Court thus has jurisdiction over the certified issue in this case.

### III.  Certified Issue

Consistent with McPherson, we now answer the certified issue in the affirmative:  Article 12's prohibition on confining military members in immediate association with foreign nationals does apply to TSgt Wilson as a confinee in a civilian jail in the United States.  Article 12 was not violated in TSgt Wilson's case because he was confined alone.  As the CCA held, though, TSgt Wilson is not entitled to relief for his complaints concerning the conditions of his confinement.[2]  Wilson III, 73 M.J. at 534.

---

[2] TSgt Wilson's request that the convening authority defer confinement as a matter of clemency hardly constitutes exhaustion of administrative remedies concerning conditions of confinement.

IV. Decision

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Wilson, Nos. 13-0157/AF & 14-5003/AF

BAKER, Chief Judge (dissenting):

I respectfully dissent consistent with my separate opinion in United States v. McPherson, __ M.J. __, __ (C.A.A.F. 2014) (Baker, C.J., dissenting).