# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## ANTHONY S. RIOS
## CORPORAL (E-4), U.S. MARINE CORPS

### NMCCA 201500139
Review Pursuant to Article 62(b), Uniform Code of Military Justice,
10 U.S.C. § 862(b)

**Military Judge:** LtCol E.H. Robinson, Jr., USMC.
**Convening Authority:** Commanding Officer, Headquarters Regiment, 1st Marine Logistics Group, Camp Pendleton, CA.
**For Appellant:** Capt Cory Carver, USMC.
**For Appellee:** LT Ryan Aikin, JAGC, USN.

### 20 August 2015

---
### PUBLISHED OPINION OF THE COURT
---

HOLIFIELD, Judge:

The appellee is currently facing trial by special court-martial on numerous charges regarding larceny from the Marine Corps Exchange (MCX) on Camp Pendleton, California. He is charged with violations of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 921. He is alleged to have conspired with his wife to commit larceny by using merchandise receipts and price tags to obtain refunds in the form of MCX store credit, and then using that credit to purchase Visa gift cards. He is also alleged to have stolen two gift cards thusly obtained. Among the evidence the Government seeks to offer to prove the appellant's guilt is Mrs. Rios' testimony

regarding her husband's involvement in the purportedly criminal activity. Mrs. Rios' attorney, however, informed the military judge that his client intends to invoke her privilege (spousal incapacity) under MILITARY RULE OF EVIDENCE 504(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Accordingly, the Government sought a preliminary ruling on whether the appellee's wife could be compelled to testify under the exception found in MIL. R. EVID. 504(c)(2)(D). The military judge ruled that the appellee's wife may validly invoke the privilege under MIL. R. EVID. 504(a), and that the exception found at MIL. R. EVID. 504(c)(2)(D) in no way limits that invocation.[1] The Government now appeals that ruling under Article 62, UCMJ.

We have thoroughly reviewed the record of trial and the briefs submitted by the parties. Following that review and our consideration of all the materials before us, we conclude that the appeal is properly before us and find no error in the military judge's findings of fact and conclusions of law.

## Spousal Privilege

Issues of marital privilege involve mixed questions of law and fact. While we review the former *de novo*, *United States v. McCollum*, 58 M.J. 323, 335-36 (C.A.A.F. 2003), when reviewing Article 62, UCMJ, appeals we are "bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous." *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004).

MIL. R. EVID. 504 contains two privileges. First, subsection (a), under the heading "*Spousal Incapacity*," simply states that "[a] person has a privilege to refuse to testify against his or her spouse." Subsection (b), titled "*Confidential Communications Made During the Marriage*," provides, as a general rule, that "[a] person has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, any confidential communications made to

---

[1] The appellant also challenges the military judge's conclusion that the Government failed to show that the appellee and his wife were "substantial participants in illegal activity" within the meaning of MIL. R. EVID. 504(c)(2)(D). As we find that provision inapplicable in the present case, this challenge is moot.

2

the spouse of the person while they were husband and wife and not separated as provided by law." The Rule also provides several exceptions, discussed below. At issue is whether one of these exceptions applies to Mrs. Rios.

*Regulatory Construction*

"'It is a well-established rule that principles of statutory construction are used in construing the . . . Military Rules of Evidence.'" *United States v. Matthews*, 68 M.J. 29, 36 (C.A.A.F. 2009) (quoting *United States v. Custis*, 65 M.J. 366, 370 (C.A.A.F. 2007)). The first step, then, is to look at the plain language of the Rule; if its "language is plain, the sole function of the courts . . . is to enforce it according to its terms." *Id*. (citations and internal quotation marks omitted). "'The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent.'" *United States v. McPherson*, 73 M.J. 393, 395 (C.A.A.F. 2014) (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002)).

Here, both parties claim that the "plain language" of the Rule supports their position. Of course, only one can be correct. The text of MIL. R. EVID. 504(c) is as follows:

"(c) *Exceptions*.

(1) *To Spousal Incapacity Only.* There is no privilege under subdivision (a) when, at the time the testimony of one of the parties to the marriage is to be introduced in evidence against the other party, the parties are divorced or the marriage has been annulled.

(2) *To Spousal Incapacity and Confidential Communications.* There is no privilege under subdivisions (a) or (b):

(A) In proceedings in which one spouse is charged with a crime against the person or property of the other spouse or a child of either, or with a crime against the person or property of a third person committed in the course of committing a crime against the other spouse;

3

(B) When the marital relationship was entered into with no intention of the parties to live together as spouses, but only for the purpose of using the purported marital relationship as a sham, and with respect to the privilege in subdivision (a), the relationship remains a sham at the time the testimony or statement of one of the parties is to be introduced against the other; or with respect to the privilege in subdivision (b), the relationship was a sham at the time of the communication; or

(C) In proceedings in which a spouse is charged, in accordance with Articles 133 or 134, with importing the other spouse as an alien for prostitution or other immoral purpose in violation of 8 U.S.C. §1328; with transporting the other spouse in interstate commerce for immoral purpose or other offense in violation of 18 U.S.C. §§ 2421-2424; or with violation of such other similar statutes under which such privilege may not be claimed in the trial of criminal cases in the United States district courts.

(D) Where both parties have been substantial participants in illegal activity, those communications between the spouses during the marriage regarding the illegal activity in which they have jointly participated are not marital communications for purposes of the privilege in subdivision (b) and are not entitled to protection under the privilege in subdivision (b).

First, we hold that, under a plain reading of MIL. R. EVID. 504, the exception contained in MIL. R. EVID. 504(c)(2)(D) does not apply to the spousal incapacity privilege. The grammatical structure of the Rule mandates that the clause "There is no privilege under subdivisions (a) or (b):" applies only to subparagraphs (c)(2)(A), (B) and (C). *See United States v. Ron Pair Enterprises, Inc*., 489 U.S. 235, 241 (1989). Subparagraphs (A) and (B) both end in a semi-colon, the word "or" appears between paragraphs (B) and (C), and subparagraph (C) ends with a period. Also, these three subparagraphs are meaningless but for

4

their relation to the introductory clause.[2]  Paragraph (D), however, is a complete sentence and can be read independently of that clause.

The Government, however, argues that the title of subdivision (c)(2), "*To Spousal Incapacity and Confidential Communications*," means that the exception in subparagraph (c)(2)(D) applies to both privileges.  Yet, a plain reading of that subparagraph shows such an interpretation would be absurd, as the Government's preferred interpretation could be restated essentially as: "subparagraph (c)(2)(D) applies to both privileges to the extent each involves marital communications and the privilege in subdivision (b)."  Obviously, subdivision (a), spousal incapacity, involves neither.

Finally, while the Government would have us read the first clause of subparagraph (c)(2)(D) to stand alone, to do so would ignore its obvious role as a conditional phrase applicable to the remainder of the subparagraph.  Such a reading would also render the subparagraph's remaining language superfluous.  As we must "'give effect, if possible, to every clause and word,'" *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *United States v. Menasche*, 348 U.S. 538–39 (1955)), we decline to dismiss the critical and clearly stated balance of the exception's language.[3]

Accordingly, as we find the applicability (and inapplicability) of subparagraph (c)(2)(D) to be clear from a plain reading of its language, we need inquire no further.

---

[2] Subparagraphs (c)(2)(A)-(C) and the introductory clause have remained virtually unchanged as a cohesive provision since the Military Rules of Evidence were promulgated in 1980.  It was not until 13 December 2011, that the President added subparagraph (c)(2)(D) to the Rule by Executive Order 13593.

[3] We are mindful of the appellant's position that that this obligation "to give effect" should also apply to the title of subsection (c)(2).  We find, however, a significant distinction between general heading language – that existed before the addition of the exception in subparagraph (c)(2)(D) – and the clear, specific text of the exception itself.

*Applying the Rule*

The military judge found that the appellee and his wife were married at all times relevant to the proceedings.[4] We see nothing in the record to question that finding. As the appellee's current spouse, Mrs. Rios may invoke her privilege to refuse to testify against him. As we hold the language of subparagraph (c)(2)(D) applies only to the privilege under subdivision (b), and no other exception to the privilege under subdivision (a) applies in this case, her ability to invoke the spousal incapacity privilege is unaffected.

## Conclusion

The Governments appeal is DENIED. The military judge's ruling is affirmed and the record of trial is returned to the Judge Advocate General for remand to the convening authority and delivery to the military judge for further proceedings.

Senior Judge BRUBAKER and Judge MARKS concur.


For the Court



R.H. TROIDL
Clerk of Court

---

[4] Appellate Exhibit XVII at 2.