# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

## No. ACM 38472 (f rev)

_____

### UNITED STATES
*Appellee*

**v.**

### Adam P. COHEN
First Lieutenant (O-2), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary
*Upon Further Review*

Decided 30 January 2017

_____

*Military Judge:* J. Wesley Moore (arraignment); Natalie D. Richardson (sitting alone and *DuBay* hearing); and Shaun S. Speranza (*DuBay* hearing).

*Approved sentence:* Dismissal, confinement for 15 months, and a reprimand. Sentence adjudged 17 July 2013 by GCM convened at McConnell Air Force Base, Kansas.

*For Appellant:* Major Christopher D. James, USAF; and Brian L. Mizer, Esquire.

*For Appellee:* Lieutenant Colonel Daniel J. Breen, USAF; Major Collin F. Delaney, USAF; Major Matthew J. Neil, USAF; Major Richard J. Schrider, USAF; Major Meredith L. Steer, USAF; and Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges.*

Senior Judge DUBRISKE delivered the opinion of the court, in which Judges HARDING and C. BROWN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

DUBRISKE, Senior Judge:

A general court-martial composed of a military judge convicted Appellant, consistent with his pleas, of willfully disobeying a superior commissioned officer, violating a lawful general order, violating a lawful general regulation, making false official statements, engaging in conduct unbecoming an officer, wrongfully accessing protected computer systems without authorization, and fraternization, in violation of Articles 90, 92, 107, 133, and 134, UCMJ, 10 U.S.C. §§ 890, 892, 907, 933, 934. He was sentenced to a dismissal, confinement for 15 months, and a reprimand. The convening authority approved the sentence as adjudged.

Upon our initial review of this case, we found no error materially prejudicial to the substantial rights of Appellant occurred relative to the findings of guilt. As such, we affirmed those findings. *United States v. Cohen*, ACM 38472 (A.F. Ct. Crim. App. 30 April 2015) (unpub. op.). However, based on information submitted by Appellant to this court, we ordered a post-trial hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967), to address two assignments of error alleging conditions of Appellant's post-trial confinement violated the Eighth Amendment[1] and Article 55, UCMJ, 10 U.S.C. § 855. As this post-trial hearing has been conducted, the case is back before us for further review under Article 66(c), UCMJ, 10 U.S.C. § 866(c).

## I. BACKGROUND

Shortly after sentencing proceedings against him closed, Appellant was transferred to the Naval Consolidated Brig Miramar (NCBM) in San Diego, California, to serve his remaining period of confinement. Appellant informed a NCBM technician during his medical intake that he had been diagnosed with post-traumatic stress disorder (PTSD) by a civilian provider prior to his court-martial. The records from this civilian provider were not located in the copy of Appellant's medical record given to the NCBM staff upon his transfer. Appellant was not diagnosed with PTSD when examined by a NCBM mental health provider during his initial medical assessment.

---

[1] U.S. Const. amend. VIII.

Appellant was also assessed by a brig staff psychiatrist three times during his first three months of confinement at the NCBM. This provider found no medical basis to diagnose Appellant with PTSD. Based on Appellant's report of a previous diagnosis, however, the NCBM medical staff eventually obtained Appellant's medical records from the civilian provider diagnosing Appellant with PTSD prior to his court-martial. As the testing materials from this assessment had been deemed "invalidated" by the civilian provider who eventually rendered the diagnosis, the NCBM staff psychiatrist declined to diagnose Appellant with PTSD based on his personal evaluations of Appellant since his arrival at the NCBM. Appellant was also seen by other providers at the NCBM and a local naval medical facility during this time for a variety of complaints. Many of these providers reported Appellant suffered from PTSD, although they noted the diagnosis was based on Appellant's report of symptoms or claims of previous treatment.

Although it was determined by the NCBM medical staff that Appellant did not suffer from PTSD, Appellant was referred to a nearby naval medical facility for a traumatic brain injury (TBI) assessment based on Appellant's report of previous physical trauma by an unknown assailant. Appellant's neurological examination assessed Appellant with mild TBI, although his condition was now likely asymptomatic given the negative diagnostic testing results. Appellant was also examined by another medical provider as part of his TBI assessment. This provider initially referred Appellant to a local installation mental health clinic for psychological services. However, when the provider learned the NCBM provided similar services to those provided by the local mental health clinic, Appellant's referral was rescinded.

While Appellant was being assessed for PTSD and TBI, he was provided a variety of mental health treatment at the NCBM on a weekly basis. This recurring treatment included both individualized counseling for sexual trauma and group behavioral counseling. While the NCBM did not have the medical expertise to offer intensive PTSD treatment, Appellant's group counseling sessions addressed the symptoms of PTSD. Prisoners with a medical diagnosis of PTSD attended these same group counseling sessions as Appellant.

Appellant was also required to attend a sexual offender education (SOED) course as part of his rehabilitation program. Notwithstanding its name, the SOED course was mandatory for not only sexual offenders, but also prisoners convicted of an offense with a sexual component. Appellant's transmission of pornographic images through another individual's e-mail account was determined to be a qualifying offense for this course. Appellant claimed his attendance at this course exacerbated his PTSD symptoms as he was previously the

victim of sexual violence. Although the NCBM staff would not waive Appellant's attendance at this course, he was offered accommodations during the course to mitigate the negative personal impact he voiced to the NCBM staff.

## II. CONDITIONS OF POST-TRIAL CONFINEMENT

When, as in this case, we have factual findings produced from a *DuBay* hearing, we review the military judge's findings of fact under a clearly erroneous standard. *United States v. Wean*, 45 M.J. 461, 462–63 (C.A.A.F. 1997). We review conclusions of law de novo. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001). In applying the clearly erroneous standard to the military judge's findings of fact here, we conclude her findings are adequately supported by the *DuBay* record. We, therefore, adopt the findings of the military judge at the *DuBay* hearing as our own. Article 66(c), UCMJ.

Appellant contends he was diagnosed with PTSD prior to his court-martial, as well as while he was confined at the NCBM. Because of his diagnosis, he argues the Government violated the Eighth Amendment and Article 55, UCMJ, when he was denied access to treatment for PTSD despite his repeated complaints and efforts to secure appropriate psychological care. Appellant also alleges the Government violated Article 55, UCMJ, by requiring him to take a sex offender education course despite the fact he was a victim of sexual assault, claiming this course was psychologically damaging to him in light of his PTSD.

Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. "[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). A violation of the Eighth Amendment is shown by demonstrating:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [Appellant's] health and safety; and (3) that [Appellant] has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ.

*Id.* (footnotes and quotation marks omitted).[2] We look objectively at whether an act denied a prisoner his necessities, while we subjectively test the state of

---

[2] The Government conceded Appellant exhausted the prisoner-grievance system and petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938.

mind of the prison officials. *United States v. Brennan*, 58 M.J. 351, 353 (C.A.A.F. 2003).

Turning to Appellant's claim that he was denied treatment for PTSD, we recognize prisoners are entitled to reasonable medical care for serious medical conditions. *United States v. McPherson*, 72 M.J. 862, 873 (A.F. Ct. Crim. App. 2013), *aff'd*, 73 M.J. 393 (C.A.A.F. 2014). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (citation omitted). As such, the denial of adequate medical attention can constitute an Eighth Amendment violation. *United States v. White*, 54 M.J. 469, 474 (C.A.A.F. 2001). However, it is not constitutionally required that this health care be the best obtainable as an appellant is only entitled to reasonable—not optimal—medical care recommended to treat a specific condition. *Id.* at 475 (citations omitted).

The military judge found Appellant never had a reliable diagnosis of PTSD necessitating the specific medical treatment Appellant claims he was denied by the NCBM staff. Regardless of whether Appellant actually suffered from PTSD, however, we are firmly convinced, as was the military judge, that confinement officials had no culpable intent to deny Appellant any medically-necessary treatment. Appellant's medical needs were addressed by the NCBM staff through both individual and group therapy sessions on a weekly basis. Appellant was also assessed by mental health providers throughout his incarceration, and he was placed under protective care as necessary when he appeared to be suffering from acute distress. While the NCBM staff's evaluation of Appellant's PTSD claims could have been completed in a timelier manner, we find no basis to hold that the Government was deliberately indifferent to Appellant's health and well-being during his incarceration.

Likewise, we find no culpable intent on the part of the NCBM staff in requiring Appellant's attendance at the SOED course. While Appellant claimed the course was traumatizing to him as a victim of sexual violence, the NCBM staff attempted to offer Appellant reasonable accommodations short of removing him from the course to mitigate any personal concerns. Given other victims of sexual assault were required to attend the SOED course, we decline to hold the Government acted with an improper intent by requiring Appellant's attendance at this course. As such, Appellant's second claim of error surrounding his post-trial confinement conditions also does not merit relief.[3]

---

[3] We also find no legal defect or deficiency within Appellant's claims necessitating relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *See United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

### III. SENTENCE APPROPRIATENESS

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant also alleged during his initial appeal to this court that his sentence was inappropriately severe. Appellant requested this court give his case individualized consideration and set aside his dismissal.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Having fully considered this particular Appellant, the nature and seriousness of his offenses, his record of service, and all matters contained in the record of trial, we find the sentence appropriate. Appellant's inability to follow orders and tell the truth, when viewed in conjunction with his computer misuse, supports the sentence approved by the convening authority in this particular case.

### IV. CONCLUSION

After further review of this case, we find no error prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Having previously affirmed the findings, the sentence as approved by the convening authority is now **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

6