# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39346**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Robert J. HERNANDEZ**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 January 2019

————————————

*Military Judge:* Joseph S. Imburgia (arraignment); Vance H. Spath.

*Approved sentence:* Bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 15 June 2017 by GCM convened at Vandenberg Air Force Base, California.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Matthew L. Tusing, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges*.

Judge DENNIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

Appellant was convicted, consistent with his pleas and in accordance with a pretrial agreement, of one specification of failure to go to his appointed place of duty, two specifications of wrongful use of cocaine, one specification of

wrongful possession of cocaine, two specifications of wrongful distribution of cocaine, two specifications of wrongful introduction of cocaine onto a military installation, one specification of breaking base restriction, and one specification of obstruction of justice in violation of Articles 86, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, 934. The military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for 15 months, total forfeiture of pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentenced as adjudged.

Appellant raises a single issue on appeal: whether he is entitled to sentence relief because the conditions of his post-trial confinement constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution[1] and Article 55, UCMJ, 10 U.S.C. § 855.[2] We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant was placed in pretrial confinement on 27 January 2017 at Vandenberg Air Force Base (AFB) where he remained confined until his trial on 15 June 2017. Because Appellant's adjudged sentence included confinement for 15 months, Appellant was transferred to the Naval Consolidated Brig Miramar (California) on 20 July 2017.

Pursuant to Appellant's pretrial agreement, he was required to transfer back to the Vandenberg AFB Confinement Facility a total of five times after his trial to testify against other Airmen involved in an extensive drug ring. During each of these stays—and despite having previously been confined at Vandenberg AFB—Appellant was placed in "maximum custody" status for approximately 72 hours. This "acclimation period" was required for all confined Airmen who transferred to or from another confinement facility but could be reduced by a confinement officer. According to Appellant, his acclimation period was more than 72 hours on at least two occasions and he was never given access to books or the two hours per day of recreational time required for all confined Airmen regardless of status. Appellant also asserts that he was placed

---

[1] U.S. CONST. amend. VIII.

[2] Appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). In doing so, Appellant cites to both the Eighth Amendment and Articles 55 and 58, UCMJ, 10 U.S.C. §§ 855, 858. Though Appellant cites to Article 58, UCMJ, he makes no assertion that he was placed in civilian confinement, nor is there any evidence of civilian confinement in the record. Accordingly, we do not address Article 58, UCMJ, in our analysis.

in a "cell smaller than the average cell." According to the noncommissioned officer in charge (NCOIC) of the Vandenberg AFB Confinement Facility,[3] Appellant's cell was equal to all other cells, but its location varied depending on the number of personnel in-processing and whether there were any personnel in pretrial confinement. The 72-hour acclimation period is designed to categorize the "risk for violence, non-compliance, self-harm, or escape." During the three stays described by the NCOIC, Appellant was either "verbally briefed or written up multiple times for disobedience and failure to obey facility rules." Following one incident, the NCOIC asked Appellant whether he "was having issues adjusting from the facilities." Appellant stated that he was not.

## II. DISCUSSION

Appellant asserts that his confinement conditions constituted cruel and unusual punishment. We disagree. We also decline Appellant's invitation to grant him relief using our power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), even in the absence of cruel and unusual punishment.

Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, we apply the United States Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, UCMJ, except where legislative intent to provide greater protections under Article 55, UCMJ, is apparent. *United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (citing *United States v. Wappler*, 9 C.M.R. 23, 26 (C.M.A. 1953)).

"[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). We apply the three-part test prescribed in *Lovett* to determine whether the conditions of Appellant's confinement violated the Eighth Amendment and thus Article 55, UCMJ. Appellant must show:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [Appellant's] health and safety; and (3) that [Appellant] "has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938."

---

[3] The Government successfully moved to attach a declaration from the NCOIC regarding the facts giving rise to Appellant's assignment of error. The NCOIC only provided information pertaining to three of Appellant's five stays in the facility.

*Lovett*, 63 M.J. at 215 (footnotes omitted) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)).

We have little before us to resolve this claim. Though the bare assertions made by Appellant and the declaration from the NCOIC offer insight into Appellant's claim, they are also inconsistent. But, even if we were to assume *arguendo* that Appellant satisfied the first two prongs outlined in *Lovett*, he fails to establish the third. For this reason we need not resolve the factual dispute between Appellant's assertions and the NCOIC's declaration. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (a post-trial evidentiary hearing is not required if the facts alleged would not result in relief.)

The third prong in *Lovett* requires that Appellant exhaust the prisoner-grievance system. 63 M.J. at 215. He has not. The record—including Appellant's own claims made on appeal—contains no evidence that Appellant filed a complaint with the prisoner-grievance system or under Article 138, UCMJ. Indeed, what little information is available demonstrates that Appellant was directly asked if there were any issues regarding his transfer to the Vandenberg AFB Confinement Facility, and he stated there were none. The purpose of the requirement to exhaust remedies is two-fold: "(1) the 'resolution of grievances at the lowest possible level' with 'prompt amelioration' of the complaint while the prisoner suffers the condition, and (2) the development of an adequate record to aid appellate review." *United States v. McPherson*, 73 M.J. 393, 397 (C.A.A.F. 2014) (quoting *United States v. Wise*, 64 M.J. 468, 471 (C.A.A.F. 2007)). Appellant failed to make a complaint to those best suited to resolve the problem he now identifies. We are consequently left with little evidence that any violation occurred, much less one that violated Appellant's constitutional rights.

Accordingly, we find that Appellant's confinement conditions do not warrant relief under the Eighth Amendment or Article 55, UCMJ.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court