# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32537**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Esther L. LEPORE**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 January 2020

————————————

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, reduction to E-1, and a reprimand. Sentence adjudged 27 March 2018 by SpCM convened at Cannon Air Force Base, New Mexico.

*For Appellant:* Mark C. Bruegger, Esquire.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Captain Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges*.

Senior Judge MINK delivered the opinion of the court, in which Judge LEWIS and Judge D. JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MINK, Senior Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with her pleas pursuant to a pretrial agreement (PTA), of two spec-

ifications of wrongful use of a controlled substance (3,4-methylenedioxymeth-amphetamine and marijuana) on divers occasions, one specification of wrongful use of a controlled substance (cocaine), and one specification of wrongful distribution of a controlled substance (marijuana), all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, reduction to the grade of E-1, and a reprimand. Consistent with the terms of the PTA, the convening authority approved the sentence as adjudged.

Appellant raises two issues on appeal: (1) whether the staff judge advocate (SJA) incorrectly advised the convening authority and trial counsel regarding the potential applicability of Rule for Courts-Martial (R.C.M.) 1107(d)(1)(C)(i) as it related to Appellant's substantial assistance in the investigation of other Airmen and (2) whether the addendum to the SJA's recommendation (SJAR) contained new matters adverse to Appellant which required notification and an opportunity to respond pursuant to R.C.M. 1107(b)(3)(iii). Appellant asserts these errors warrant meaningful sentence relief.

We agree with Appellant that the SJA provided incorrect advice in the addendum to the SJAR regarding the applicability of R.C.M. 1107(d)(1)(C)(i) in this case. We do not agree that meaningful sentence relief is the appropriate remedy and instead set aside the action and return the case for new post-trial processing, including a new SJAR, to maximize the opportunity for a fully corrected record. Having determined that incorrect advice in the SJAR addendum requires us to set aside the action, we do not address the second assignment of error that the SJAR contained "new matter" adverse to Appellant or any other potential post-trial processing errors in this case.

## I. BACKGROUND

In April 2017, while attending a party in Albuquerque, New Mexico, Appellant used 3,4-methylenedioxymethamphetamine (commonly referred to as "ecstasy") which had been purchased and provided to her by Airman Basic (AB) DN. Appellant also smoked marijuana from a joint that was being passed around at the party. The next day, Appellant smoked marijuana again, but this time with a civilian friend who supplied the marijuana. Approximately one week later, while attending a concert in Albuquerque, AB DN purchased ecstasy and provided it to Appellant and another Airman, and all three then consumed the drug.

---

[1] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

During the weekend of 6–7 May 2017, Appellant, AB DN, and two other Airmen traveled to Colorado Springs, Colorado. Upon the request of one of the other Airmen, Appellant purchased marijuana from a civilian friend. Appellant then provided the marijuana to the other Airmen, who smoked it with Appellant. During a trip to Miami, Florida, near the end of May of 2017, AB DN purchased ecstasy, provided it to Appellant, and they both consumed it. Appellant also smoked marijuana from a joint during this trip to Miami.

In early July 2017, while attending a party in Albuquerque, Appellant snorted cocaine. Approximately one week later, at another party in Albuquerque, Appellant consumed ecstasy that had again been purchased and provided by AB DN. In August 2017, Appellant told a co-worker that she had previously used cocaine and ecstasy. The co-worker informed Appellant's supervisor about this conversation, and Appellant subsequently admitted to her supervisor and then to law enforcement agents that she had used ecstasy on multiple occasions.

Based on Appellant's admissions to her supervisor that she had used drugs, the Air Force Office of Special Investigations (AFOSI) began an investigation into Appellant's drug offenses. Appellant waived her rights under Article 31, UCMJ, 10 U.S.C. § 831, and again admitted to using cocaine and ecstasy when questioned by AFOSI investigators. Appellant consented to a search of her cell phone, which provided evidence of her marijuana use and underage drinking. Appellant provided investigators with the names of three other Airmen who had also used drugs. AFOSI's investigation of those three individuals resulted in the discovery of ten additional Airmen who had used drugs. Appellant also agreed to become a confidential informant (CI) for AFOSI, but she was terminated as a CI after she revealed her status as such to others. Appellant subsequently agreed to plead guilty to the charge and specifications in exchange for a 30-day cap on confinement. At trial, Appellant pleaded guilty in accordance with her PTA.

During post-trial processing, the SJAR advised the convening authority to approve the sentence as adjudged in accordance with the PTA. As a part of Appellant's clemency submission, her trial defense counsel submitted a seven-page memorandum, in which he requested "that trial counsel utilize their authority under [R.C.M.] 1107(d)(1)(C)(i) to recommend to the Convening Authority that, in light of [Appellant]'s substantial assistance in the prosecution of other Airmen involved in drug abuse on Cannon [Air Force Base (AFB)], that [Appellant]'s adjudged Bad Conduct Discharge be disapproved, and that the Convening Authority grant such relief."

In support of this request, trial defense counsel noted Appellant had accepted responsibility for her criminal conduct by self-reporting her drug use,

admitting her drug use when questioned by authorities, volunteering information regarding other Airmen involved in the use and distribution of illegal drugs, and by pleading guilty at her court-martial. Trial defense counsel also asserted Appellant had "substantially assisted" law enforcement by helping lead to the identification of at least 13 other Airmen involved with drug use or distribution at Cannon AFB, helping in the recruitment of at least three other CIs, and volunteering to work as a CI herself.

In his response to Appellant's clemency submission, the SJA stated in the addendum to the SJAR:

> 2. The Defense alleges that [Appellant] has substantially assisted in the prosecution of other Airmen involved in drug abuse at Cannon AFB, warranting disapproval of her bad conduct discharge. In addition, the Defense cites several mitigating circumstances supporting such disapproval. I considered carefully these allegations of error, and find them to be without merit.
>
> a. <u>Substantial Assistance in Prosecution of Other Airmen</u>: As the Defense correctly notes, the Convening Authority cannot suspend, commute, or disapprove a bad conduct discharge absent a recommendation from trial counsel that [Appellant] did, in fact, substantially assist in the investigation or prosecution of other airmen. While [Appellant] did identify several airmen who had consumed drugs in her initial AFOSI interview, she did not ultimately participate in the prosecution of other Airmen. This occurred, primarily, because her memory of her friends' drug use, and the surrounding circumstances, was poor, which made her an unreliable witness in court.

Even though the SJA discussed other aspects of Appellant's clemency submission, the SJA provided no additional explanation or clarification of the law regarding the substantial assistance exception as outlined in R.C.M. 1107(d)(1)(C)(i). The SJA did, however, state that his earlier recommendation to approve the findings and sentence remained unchanged.

## II. DISCUSSION

Appellant asserts the addendum to the SJAR incorrectly advised the convening authority regarding the scope of R.C.M. 1107(d)(1)(C)(i). We agree.

### 1. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). "Failure to timely comment on matters in the

SJAR, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). To prevail under a plain error analysis, an appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Scalo*, 60 M.J. at 436). Even in the context of plain error analysis, the threshold for establishing prejudice from errors impacting an appellant's request for clemency is low, but there must be "some 'colorable showing of possible prejudice.'" *Id.* (quoting *Scalo*, 60 M.J. at 437). If an appellant makes a colorable showing of possible prejudice, a court of criminal appeals "must either provide meaningful relief or return the case to the Judge Advocate General concerned for a remand to a convening authority for a new post-trial recommendation and action." *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998).

A convening authority's power to take action on an adjudged sentence is governed by Article 60, UCMJ, 10 U.S.C. § 860, which we interpret de novo. *See United States v. McPherson*, 73 M.J. 393, 395 (C.A.A.F. 2014) (citation omitted).

> Congress significantly changed the statutory scheme in Article 60, UCMJ, through the National Defense Authorization Act for Fiscal Year 2014. *See* Pub. L. No. 113–66, § 1702, 127 Stat. 672, 954–958 (2013). . . .
>
> What had been authority "to modify the findings and sentence of a court-martial [a]s a matter of command prerogative involving the sole discretion of the convening authority" became limited power to make only certain modifications under a restricted set of circumstances. Article 60(c)(4)(A), UCMJ, now provides that "the convening authority . . . may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge." 10 U.S.C. § 860(c)(4)(A). Congress set forth only two narrow exceptions to these limitations:
>
>> . . . Upon the recommendation of the trial counsel, in recognition of the *substantial assistance by the accused in the investigation or prosecution of another person who has committed an offense*, the convening authority . . . shall have the authority to disapprove, commute, or suspend the adjudged sentence in whole or in part. . . .

*United States v. Robinson*, 78 M.J. 578, 581 (A.F. Ct. Crim. App. 2018) (alterations in original) (emphasis added) (quoting 10 U.S.C. § 860(c)(4)(B)).

### 2. Analysis

Before this court, Appellant contends that the SJA incorrectly advised the convening authority regarding the scope of R.C.M. 1107(d)(1)(C)(i) because the SJA noted that Appellant had identified several other Airmen who had used drugs, but then stated that Appellant "*did not ultimately participate in the prosecution* of other Airmen," with the logical inference that R.C.M. 1107(d)(1)(C)(i) did not apply in Appellant's case. Appellant further contends that the SJA's erroneous view of the law may have prevented the trial counsel from providing a substantial assistance recommendation because both of the trial counsel (neither of who had yet been certified as a trial counsel in accordance with Article 27(b), UCMJ, 10 U.S.C. § 827) worked in the SJA's legal office, were supervised by the SJA, and may have been influenced by the SJA's mistaken view of the law.

Appellate government counsel disagrees that the SJA had a mistaken view of the law and instead contends that Appellant provided no "substantial assistance" to either the investigation or prosecution of other Airmen. Appellate government counsel also dismisses as "complete speculation" Appellant's suggestion that the SJA's alleged misunderstanding of the law might have influenced the trial counsel's decision of whether to provide a substantial assistance recommendation for Appellant.

In this case, we find plain error attributable to the addendum to the SJAR. The SJA correctly stated that R.C.M. 1107(d)(1)(C)(i) requires a recommendation from the trial counsel based on substantial assistance in the "investigation or prosecution of other airmen." It is clear from the record that trial counsel had made no such recommendation at the time clemency matters were submitted by Appellant, as evidenced by Appellant's request that the trial counsel provide such a recommendation. However, the SJA also acknowledged some level of assistance on the part of Appellant, but then stated that Appellant did not participate in the *prosecution* of other Airmen, in a subsection of the addendum entitled: "Substantial Assistance in *Prosecution* of Other Airmen," (emphasis added). Additionally, though we do not address Appellant's second assignment of error, the SJA's explanation in the addendum that Appellant did not participate in the prosecution of other Airmen, "primarily, because [Appellant's] memory of her friends' drug use, and the surrounding circumstances, was poor, which made her an unreliable witness," was alleged by Appellant to constitute new matter in support of the second assignment of error.

We find that the clear and logical implication of the discussion of substantial assistance in the addendum to the SJAR was that even if Appellant had

provided substantial assistance in the investigation of other Airmen, she had not assisted in the prosecution of other Airmen and was, therefore, not entitled to a substantial assistance recommendation from the trial counsel. This was obvious error in that an appellant may receive such a substantial assistance recommendation from trial counsel based on either substantial assistance in the investigation *or* in the prosecution of other Airmen.

We next consider whether Appellant has made a colorable showing of possible prejudice. We find Appellant has met that low threshold under the particular facts of this case. Here, the addendum to the SJAR presented the convening authority with a misleading view of what the law required to receive a substantial assistance recommendation from trial counsel. We also find that it is possible that the trial counsel might have been laboring under a similar misconception of what the law required for a substantial assistance recommendation. Under these unique circumstances, Appellant has carried her burden of some colorable showing of possible prejudice.

We decline Appellant's invitation to grant relief by modifying her sentence. We draw no conclusions as to whether or not Appellant actually provided substantial assistance in the investigation or prosecution of other Airmen. However, we do note that Appellant will again have the opportunity to seek a substantial assistance recommendation from trial counsel—with whom lies the sole discretion of whether or not to provide such a recommendation—and which, if provided, would grant the convening authority the ability to disapprove the bad-conduct discharge adjudged in this case. We find new post-trial processing the appropriate remedy in Appellant's case.

## IV. CONCLUSION

The action of the convening authority is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

7