DECISION
HODGSON, Chief Judge:
As the result of offenses unrelated to this trial the appellant was in civil confinement serving a two year sentence. On 20 April 1984, he was released by the civil authorities to stand trial for drug abuse and desertion in violation of Articles 134 and 85 of the Code, 10 U.S.C. §§ 934, 885. Contrary to his pleas he was convicted as charged and sentenced to a dishonorable discharge, total forfeitures and confinement at hard labor for six months. After trial he was immediately returned to the New Mexico penal system where he currently resides.
Appellate counsel direct our attention to a brief submitted by trial defense counsel wherein the latter contends that the trial judge erred where he ruled that a sentence of confinement adjudged by a court-martial would be served consecutively with the period previously imposed by a civilian court. The appellant asks that the two periods of confinement be held to run concurrently and that he be granted administrative credit toward his military confinement for any civilian confinement served.
The issue presented appears to be one of first impression as our research, together with that of counsel, discloses no reported decisions on this point. Article 14(b) of the Code, 10 U.S.C. § 814(b) addresses this question somewhat by stating:
When delivery under this article is made to any civil authority of a person undergoing sentence of a courts-martial, the delivery, if followed by conviction in a civil tribunal, interrupts the execution of the sentence of the court-martial, and the offender after having answered to the civil authorities for his offense shall, upon the request of competent military authority, be returned to military custody for the completion of his sentence.
This provision, of course, assumes that an accused was tried, sentenced and serving the adjudged military confinement prior to his release to the civilian authorities to face trial by them. In the case at bar the reverse is true, as the appellant was serving a civilian sentence to confinement and was released by them to us for trial. The Manual for Courts-Martial, 1969 (Rev.) states, with certain exceptions, that a sentence to confinement is continuous until the term expires. One of the exceptions is that previously identified in Article 14(c) of the Code. See M.G.M., 1969 (Rev.), para. 97c. The one Air Force directive that appears to cover the situation before us is Air Force Regulation 125-30 (Nov 1964), Military Sentences to Confinement, paragraph 4(b) which states:
*461 A sentence to confinement adjudged by-court-martial will not be served concurrently with any other sentence to confinement adjudged by a court-martial or a civil court, [emphasis added].
This paragraph is in keeping with the United States Court of Military Appeals’ position that multiple sentences to confinement are to be served consecutively, not concurrently. United States v. Bryant, 12 U.S.C.M.A. 133, 30 C.M.R. 133 (1961). We are aware that Bryant dealt with multiple military sentences to confinement, but observe that since a sentence to confinement begins to run the date it is adjudged by the court-martial, the appellant was undergoing confinement at the time he was returned to the New Mexico authorities. See Article 57(b), U.C.M.J., 10 U.S.C. § 857(b). In our view Article 14(b) can reasonably be interpreted to allow an accused’s military confinement to be interrupted so as to require him to complete an adjudged civil sentence to confinement. See generally United States v. Gillespie, 3 M.J. 721 (A.C.M.R.1977). The appellant is not entitled to administrative credit toward his unserved military confinement by virtue of his civil sentence to confinement. The findings of guilty and the sentence are
AFFIRMED.
FORAY, Senior Judge and MURDOCK, Judge, concur.