# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38929**

———————————

## UNITED STATES
*Appellee*

v.

## Sean C. MOONEY
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 March 2017

———————————

*Military Judge:* Francisco Mendez.

*Approved sentence:* Dishonorable discharge, confinement for 2 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 1 September 2015 by GCM convened at Dover Air Force Base, Delaware.

*For Appellant:* Major Isaac C. Kennen, USAF; Captain Annie W. Morgan, USAF; Brian L. Mizer, Esquire.

*For Appellee:* Major Clayton H. O'Connor, USAF; Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges*

Senior Judge DUBRISKE delivered the opinion of the Court, in which Judges HARDING and C. BROWN joined.

———————————

**PUBLISHED OPINION OF THE COURT**
_____

DUBRISKE, Senior Judge:

Consistent with his pleas pursuant to a pretrial agreement (PTA), Appellant was convicted by a military judge sitting alone of one specification of sex-

ual assault of a child and one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.

Appellant was sentenced to a dishonorable discharge, 45 months of confinement, forfeiture of all pay and allowances, and reduction to E-1. The convening authority only approved two years of confinement in accordance with the terms of the PTA; he otherwise approved the remainder of the adjudged sentence.

Appellant raises two issues on appeal. First, he argues it was error for the convening authority to order his military confinement run consecutively with confinement imposed by a federal district court for a different offense involving the same victim. Second, Appellant claims he is entitled to post-trial confinement relief under Article 12, UCMJ, 10 U.S.C. § 812, as he continues to be housed with foreign nationals while confined in a federal detention center.

We find Appellant is not entitled to relief on these issues and, therefore, affirm the findings and sentence.

## I. BACKGROUND

The charged offenses in this case stemmed from Appellant's sexual relationship with a 14-year-old child, SB. Appellant met SB through their mutual association with a local volunteer fire department. Appellant, who was 21 years of age at the time, engaged in sexual intercourse with SB on at least five occasions. SB also sent sexually explicit photographs of herself to Appellant by text message. Appellant's misconduct was eventually discovered by SB's mother, who informed Air Force law enforcement authorities.

While he was awaiting trial by court-martial for his sexual activity with SB, Appellant was arrested by the United States Marshals Service and detained in a federal detention center. Appellant was later charged by the United States Attorney's Office (USAO) with receipt of child pornography based on photographs SB sent to Appellant's cell phone. Appellant pleaded guilty to this charge in federal district court and was sentenced to 72 months of confinement approximately a week before his general court-martial convened. Appellant's plea agreement with the USAO required him to also plead guilty to offenses still pending trial by court-martial.

## II. DISCUSSION

### A. Imposition of a Consecutive Sentence to Confinement

As consideration for Appellant's offer to plead guilty, the general court-martial convening authority agreed to approve no more than two years of confinement if confinement was adjudged at trial. The PTA contained no other restrictions on the convening authority's ability to act on Appellant's sentence.

The document did not in any way address the terms of Appellant's conviction or sentence in federal district court.

There were also no discussions by the parties at trial regarding the impact, if any, of Appellant's federal sentence on his court-martial conviction. However, Appellant's trial defense counsel acknowledged during his sentencing argument the possibility of consecutive sentences when discussing the amount of time Appellant could potentially spend in confinement for both his federal and military convictions.

The staff judge advocate (SJA) for the general court-martial convening authority first raised the question of consecutive confinement sentences in his addendum to the SJA's recommendation. Although recognizing there was conflicting guidance between Department of Defense (DoD) regulations and the UCMJ, the SJA opined Article 14, UCMJ, 10 U.S.C. § 814, and DoD regulatory guidance permitted the imposition of consecutive sentences. Trial defense counsel, in response to the addendum, disagreed with the SJA's legal assessment.

At action, the convening authority directed Appellant's sentence to confinement would be served after the completion of his term of federal incarceration:

> Upon completion of his federal sentence as adjudged in the United States District Court for the District of Delaware, AIR-MAN BASIC MOONEY will be remanded from the Federal Bureau of Prisons' [sic] System to the Air Force Security Forces Center Confinement and Corrections Directorate for the completion of his approved military confinement sentence, which will be served consecutively.

Similar to the arguments raised by trial defense counsel during clemency, Appellant claims on appeal that Article 57a(b), UCMJ, 10 U.S.C. § 857a(b), which addresses a convening authority's ability to defer a sentence to confinement, is dispositive. Citing our superior court's opinion in *United States v. Bramer*, 45 M.J. 296 (C.A.A.F. 1996), Appellant simply argues that since the convening authority is unable to defer Appellant's sentence to confinement under Article 57a(b), UCMJ, as he was not in the custody of a state government or foreign country, his military sentence to confinement began to run concurrently with his federal sentence as of the date the convening authority took action.

We review post-trial processing issues de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004).

3

While we agree with Appellant that *Bramer* is controlling, we disagree with his interpretation that its holding is dispositive in his favor. We read *Bramer* and the cases citied therein to allow the convening authority to rely on regulatory guidance in determining whether a sentence should run consecutively or concurrently when there is not a specific statutory provision at play. As the various provisions of Article 57 and Article 57a, UCMJ, were not directly applicable to Appellant's case, the Government was correct in relying on regulatory guidance when ordering Appellant's confinement sentence to run consecutively with his federal sentence that he was already serving.

The imposition of consecutive sentences to confinement has historically been a part of military law. *United States v. Bryant*, 30 C.M.R. 133, 138 (C.M.A. 1961). In fact, prior to the enactment of the UCMJ, various versions of the *Manual for Courts-Martial* contained provisions specifically requiring the imposition of consecutive sentences to confinement. *Id.* at 136; *see also Edwards v. Madigan*, 281 F.2d 73, 75 (9th Cir. 1960). The promulgation of Article 57(b), UCMJ, which provides that any period of confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged unless it is suspended or deferred, did not eliminate this historical preference.

> [T]here is no indication Congress intended to engraft concurrent sentences into military justice when it enacted the Code. Rather Article 57(b) seems to have been designed to insure that an accused received credit against a sentence to confinement for time served from the date the court-martial adjudged sentence instead of some later date when punishment was approved by reviewing authority.

*Bryant*, 30 C.M.R. at 138; *see also Noyd v. Bond*, 395 U.S. 683, 641 (1969) ("[W]e do not believe that Congress intended that the general rule [regarding the effective date of sentences] stated in Article 57(b) be inexorably applied in all situations which do not fall within the 'suspension of sentence' exception.").

Likewise, the enactment of Article 57a, UCMJ, did not eliminate the military's historical preference for consecutive sentences. This statutory provision simply gave the convening authority the option of running a military confinement sentence concurrently or consecutively with a civilian sentence. *Bramer*, 45 M.J. at 297. However, after taking action on findings and sentence, the convening authority's deferment options under Article 57a were limited to sentences of confinement imposed by a state or foreign jurisdiction. Article 57a(b), UCMJ; *see* 141 CONG. REC. S5805 (daily ed. 27 Apr. 1995) (noting that Article 57a allows the convening authority to defer the running of a sentence to confinement when a state or foreign country has temporarily released the accused

from its custody to allow the military to try the accused before a court-martial and then return the accused to the sender state's custody after the court-martial is completed).

In the case *sub judice*, Appellant's sentence to confinement by a federal district court is not covered by the provisions of Article 57a. As such, we must determine whether the absence of guidance restricted the convening authority's discretion in directing the running of Appellant's military sentence to confinement. We hold, contrary to Appellant's argument, that it did not.

"Secretaries of [Military] Departments may promulgate rules and regulations, and they are presumptively valid unless arbitrary and unreasonable or contrary to or inconsistent with the Code." *Bramer*, 45 M.J. at 298 (quoting *Bryant*, 30 C.M.R. at 138). With regard to the imposition of consecutive or concurrent sentences within the military, the DoD has directed that "[a] sentence to confinement adjudged by court-martial shall not be served concurrently with any other sentence to confinement adjudged by a court-martial or a civil court." DoD 1325.7M, *DoD Sentence Computation Manual*, ¶ C2.7.1 (27 Jul. 2004). The Secretaries of the Army and Air Force have promulgated similar joint guidance for service confinement sentences.[1] Army Regulation 633-30/Air Force Regulation 125-30, *Military Sentences to Confinement*, ¶ 4.b. (2 Dec. 2015).

In *Bramer*, our superior court examined a Navy court-martial in which the appellant was first sentenced by a Washington state court for robbery. While serving his post-trial confinement in a state correctional facility, the appellant was turned over to the United States Navy to face court-martial on additional robbery offenses committed in Canada. Immediately upon the completion of his court-martial in which he received three years of confinement, the appellant was returned to state authorities to complete his term of incarceration. Thereafter, he was returned to the military to serve his court-martial sentence.

On appeal, the appellant claimed he was entitled to credit against his court-martial sentence for the time spent in civilian confinement. Because Article

---

[1] We find no support for any claim that confinement sentences imposed by a federal district court are not considered a sentence adjudged by a "civil court." *See Peek v. United States*, 321 F.2d 934, 937 (9th Cir. 1963) (recognizing a federal court as a "civil authority" for purposes of Article 14, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 814). Federal district courts are "civilian" courts that maintain jurisdiction over a criminal justice system separate from the military justice system. *United States v. Duncan*, 34 M.J. 1232, 1240 (A.C.M.R. 1992).

57a was inapplicable to the appellant's case as his offenses took place before the enactment of the statute, the Navy-Marine Court of Criminal Appeals employed military common law to find the appellant's sentence to confinement ran consecutively with his state sentence. *Bramer*, 45 M.J. at 297.

The Court of Appeals for the Armed Forces (CAAF) rejected the service court's reliance on common law. The court held that because Article 57(b) required the appellant's military sentence to confinement begin to run when adjudged, the sentence ran concurrently with the state sentence to confinement as the appellant's military sentence was not properly deferred by the convening authority. *Id.* at 299.

Appellant cites this holding as justification for the imposition of a concurrent sentence in his case. In doing so, however, Appellant ignores additional discussion by the *Bramer* court regarding the impact of service regulations in determining whether a sentence runs consecutively or concurrently. Citing its own opinion in *Bryant*, and this court's opinion in *United States v. Ellenson*, 19 M.J. 605 (A.F.C.M.R. 1984), the CAAF distinguished the factual situation in *Bramer* from other cases where service regulations filled the void resulting from the absence of statutory authority under Articles 57 and 57a, UCMJ.

> Based on these circumstances, the best we can say is that absent the amendment to Article 57, the clearest rule of law was that a Secretary of a Department could promulgate a regulation which determined when sentences would run concurrently or consecutively and that, at a minimum, misconduct which occurred after the first sentence to confinement began could result in a consecutive sentence.
>
> There was no clear rule of law which applied to appellant's case. Article 14 made it clear that if a sentenced military member was turned over to civilian authorities, his sentence was interrupted during his subsequent confinement by the civilian authority. It did not speak to the situation at bar.
>
> The amendment to Article 57 makes it clear that it is a convening authority's decision whether to defer the running of the sentence. Thus, in the absence of a convening authority's decision to defer, the military member's sentence would continue to run from the date of adjudication; it would not be automatically consecutive.
>
> . . . .

> Because all parties here agree that the convening authority re-
> lied on Article 57[a(b)] of the Uniform Code to defer appellant's
> sentence, it is clear that he acted *ultra vires*. Unlike the services
> in *Bryant* and *Ellenson*, the Navy had no regulations in place
> which contemplated deferment of sentence in this situation. . . .
> Accordingly, we hold that appellant's sentence to confinement
> began running on the date it was adjudged and was not tolled by
> his state confinement.

*Bramer*, 45 M.J. at 299.

In the case *sub judice*, Appellant acknowledges his situation is not covered by Article 57a, UCMJ, as his initial confinement was not imposed by a state or foreign jurisdiction. Thus, absent controlling statutory authority, we find, as our sister service court did in *United States v. Willenbring*, 56 M.J. 671, 682–83 (A. Ct. Crim. App. 2001), that *Bramer* allows us to look at regulatory guidance in determining whether the convening authority could direct consecutive sentences to confinement. *See Bramer*, 45 M.J. at 298 (recognizing there are several exceptions to the rule that court-martial sentences run from the date adjudged stemming from common sense, Supreme Court *Habeas Corpus* writs, and Air Force regulations). Here, although the convening authority did not use the term "deferment" in disposing of Appellant's case, it is clear from the language of the action that Appellant's military sentence to confinement was ordered to be deferred, postponed, or otherwise interrupted until completion of his federal sentence to confinement.[2] Given the support for this disposition in DoD and Air Force regulatory guidance and the absence of conflicting authorities within the UCMJ, we find the convening authority's action was sufficient

---

[2] It is a better course of practice for the convening authority to use the words "defer" or "deferred" based on the terms of art employed in both the UCMJ and the *Manual for Courts-Martial*. As an example for this case, the convening authority's action directing consecutive sentences to confinement could have read, in part: "The service of the sentence to confinement is deferred from [the date sentence is adjudged or the date the member is returned to civilian confinement authorities], and will not begin to run until completion of the member's previously adjudged federal sentence to confinement, unless rescinded by competent authority. Upon completion of the federal sentence to confinement, the member will be remanded to the Air Force Security Forces Center Confinement and Corrections Directorate for the completion of the approved military confinement sentence which will be served consecutively." Similar language could also be used for sentences imposed by state or foreign governments in accordance with Article 57a(b)(2), UCMJ, as well as multiple court-martial sentences ordered to run consecutively.

to toll the effective date of confinement under Article 57(b), UCMJ, and thereby require Appellant's military sentence to confinement be served consecutively with his federal sentence.[3]

## B. Post-Trial Confinement Conditions

Based on his belief he is serving his military sentence to confinement concurrently with his federal sentence, Appellant argues he is entitled to post-trial confinement relief under Article 12, UCMJ. Specifically, Appellant claims he has been commingled with foreign nationals in the two federal detention centers where he has been confined since his initial arrest for receiving child pornography. Appellant argues he is at great risk for physical harm because of his confinement as certain "radicalized" inmates may hurt him if they learn of his military status. Appellant concedes he has not sought administrative relief from confinement officials for this alleged violation, primarily due to his fear of reprisal if his military affiliation is disclosed. Appellant also provides no direct evidence he has actually been housed with foreign nationals, but instead cites to various prison population studies and asks this court to presume he has established his factual predicate for relief.

We review de novo the question of whether an appellant's post-trial confinement violates Article 12, UCMJ. *United States v. Wise*, 64 M.J. 468, 473–74 (C.A.A.F. 2007). Article 12, UCMJ, states: "No member of the armed forces may be placed in confinement in immediate association with enemy prisoners or other foreign nationals not members of the armed forces." The "immediate association" language means that military members can be confined in the same jail or brig as a foreign national, but they have to be segregated into different cells. *Wise*, 64 M.J. at 475.

A prisoner must seek administrative relief prior to invoking judicial intervention for an Article 12, UCMJ, violation. *United States v. McPherson,* 73 M.J. 393, 397 (C.A.A.F. 2014); *see also United States v. Miller*, 46 M.J. 248, 250

---

[3] We recognize this court has previously disposed of a similar fact pattern to Appellant's case by also employing the provisions of Article 14(b), UCMJ. *See United States v. Ellenson*, 19 M.J. 605, 607 (A.F.C.M.R. 1984); *see also United States v. Willenbring*, 56 M.J. 671, 682–83 (A. Ct. Crim. App. 2001). Article 14(b), UCMJ, provides that when a confined military member is delivered to a civil court for trial and is subsequently confined after a conviction, the member's military confinement is interrupted or tolled until the member is returned to military custody for the completion of his sentence. Our superior court in *Bramer* appeared to question the application of Article 14(b), UCMJ, in cases where the civil confinement was imposed prior to a court-martial sentence. *United States v. Bramer*, 45 M.J. 296, 299 (C.A.A.F. 1996). Based on our disposition of this issue above, we need not address the continued validity of our holding in *Ellenson* at this time.

(C.A.A.F. 1997). The purpose of this requirement is to promote the "resolution of grievances at the lowest possible level and [to ensure] that an adequate record has been developed to aid appellate review." *Wise*, 64 M.J. at 471 (quoting *Miller*, 46 M.J. at 250) (brackets omitted). To meet this requirement, an appellant "must show that absent some unusual or egregious circumstance he has exhausted the prisoner-grievance system in his [confinement] facility and that he has petitioned for relief under Article 138[, UCMJ, 10 U.S.C. § 938]." *Id.* (quoting *United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001) (internal quotation marks and alterations omitted).

The Government argues that Appellant's PTA, which contained a "waive all waivable motions" provision, establishes that he has waived judicial review of this issue. Conversely, Appellant cites the court to the various references about his confinement circumstances in both his unsworn statement and clemency submissions as support for the position he has not waived this issue. Although Appellant was already confined at a federal detention center at the time of his court-martial and, therefore, was fully aware of a potential violation, we still decline to apply waiver in this particular case given the lack of direct discussion of this issue on the record. *See e.g., United States v. McFadyen*, 51 M.J. 289 (C.A.A.F. 1999) (waiver in an Article 13, UCMJ, context will be operative only after judicial inquiry surrounding the conditions of confinement and the accused's understanding of the potential remedy available).

In any event, we find Appellant is not entitled to relief. The protections of Articles 12, UCMJ, are only applicable: (1) to persons subject to the Code; (2) who are placed into confinement by or on behalf of persons subject to the Code; and (3) for pending court-martial charges or as a result of a court-martial conviction. *United States v. Escobar*, 73 M.J. 871, 874 (A.F. Ct. Crim. App. 2014). Here, Appellant has been confined in a federal detention center because of his arrest and prosecution by the Department of Justice for offenses different than those subject to trial by court-martial. Appellant's presence at his court-martial was obtained through a writ of habeas corpus *ad prosequendum*, which then required Appellant to be returned to the federal detention center upon completion of his court-martial. The fact Appellant could also be serving his military sentence to confinement concurrently with his federal sentence does not change the fact that his detention is not at the behest of military authorities. *Id.* at 877.

Moreover, Appellant acknowledges he has failed to exhaust administrative remedies available to him to resolve his concerns. He requests, however, we overlook this failure due to his belief that he must protect against the disclosure of his military identity to avoid potential injury from other inmates. On the evidence before us, we find no "unusual or egregious circumstance[s]" to

excuse Appellant's failure to pursue available administrative remedies. *See Wise*, 64 M.J. at 471. We decline to grant relief for these reasons.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court