*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellee

**v.**

**Sean C. MOONEY, Senior Airman**
United States Air Force, Appellant

**No. 17-0405**
Crim. App. No. 38929

Argued January 10, 2018—Decided March 12, 2018

Military Judge: Francisco Mendez

For Appellant: *Major Allen S. Abrams* (argued); *Brian L. Mizer,* Esq. (on brief)

For Appellee: *Major Clayton H. O'Connor* (argued); *Colonel Katherine E. Oler*, *Lieutenant Colonel Joseph J. Kubler*, and *Major Tyler B. Musselman* (on brief); *Mary Ellen Payne,* Esq.

Judge SPARKS delivered the opinion of the Court, in which Chief Judge STUCKY, Judges RYAN and OHLSON, and Senior Judge COX, joined.

———————

Judge SPARKS delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas, of sexual assault of a child and sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2012). The military judge sentenced Appellant to a dishonorable discharge, confinement for forty-five months, forfeiture of all pay and allowances, and a reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved the sentence but reduced the confinement period to two years. Following the post-trial advice of his staff judge advocate (SJA), the convening authority also directed the confinement to run consecutively to Appellant's previously adjudged federal sentence. The United States Air Force Court of Criminal Appeals affirmed the findings and the sentence. Appellant then petitioned this Court, and we granted review on the following issue:

WHETHER THE CONVENING AUTHORITY'S ACTION IS VOID AB INITIO WHERE IT PURPORTS TO ORDER APPELLANT'S ADJUDGED COURT-MARTIAL SENTENCE TO RUN CONSECUTIVE TO HIS PREVIOUSLY ADJUDGED FEDERAL SENTENCE INSTEAD OF CONCURRENTLY AS REQUIRED BY ARTICLE 57, UCMJ.

For the reasons set forth below, we hold the convening authority's action directing Appellant's military sentence to run consecutively with his previously imposed federal sentence was not authorized by the UCMJ's comprehensive statutory scheme for deferring and interrupting sentences. Accordingly, the action by the convening authority was void ab initio.

## I. Background

We adopt the facts as set forth in the lower court's opinion:

> The charged offenses in this case stemmed from Appellant's sexual relationship with a 14-year-old child, SB. Appellant met SB through their mutual association with a local volunteer fire department. Appellant, who was 21 years of age at the time, engaged in sexual intercourse with SB on at least five occasions. SB also sent sexually explicit photographs of herself to Appellant by text message. Appellant's misconduct was eventually discovered by SB's mother, who informed Air Force law enforcement authorities.
>
> While he was awaiting trial by court-martial for his sexual activity with SB, Appellant was arrested by the United States Marshals Service and detained in a federal detention center. Appellant was later charged by the United States Attorney's Office (USAO) with receipt of child pornography based on photographs SB sent to Appellant's cell phone. Appellant pleaded guilty to this charge in federal district court and was sentenced to 72 months of confinement approximately a week before his general court-martial convened. Appellant's plea agreement with the USAO required him to also plead guilty to offenses still pending trial by court-martial.
>
> ....
>
> As consideration for Appellant's offer to plead guilty, the general court-martial convening

authority agreed to approve no more than two years of confinement if confinement was adjudged at trial. The PTA contained no other restrictions on the convening authority's ability to act on Appellant's sentence. The document did not in any way address the terms of Appellant's conviction or sentence in federal district court.

There were also no discussions by the parties at trial regarding the impact, if any, of Appellant's federal sentence on his court-martial conviction. However, Appellant's trial defense counsel acknowledged during his sentencing argument the possibility of consecutive sentences when discussing the amount of time Appellant could potentially spend in confinement for both his federal and military convictions.

The [SJA] for the general court-martial convening authority first raised the question of consecutive confinement sentences in his addendum to the SJA's recommendation. Although recognizing there was conflicting guidance between Department of Defense (DoD) regulations and the UCMJ, the SJA opined Article 14, UCMJ, 10 U.S.C. § 814, and DoD regulatory guidance permitted the imposition of consecutive sentences. Trial defense counsel, in response to the addendum, disagreed with the SJA's legal assessment.

At action, the convening authority directed Appellant's sentence to confinement would be served after the completion of his term of federal incarceration:

> Upon completion of his federal sentence as adjudged in the United States District Court for the District of Delaware, AIRMAN BASIC MOONEY will be remanded from the Federal Bureau of Prisons' [sic] System to the Air Force Security Forces Center Confinement and Corrections Directorate for the completion of his approved military confinement sentence, which will be served consecutively.

*United States v. Mooney*, 76 M.J. 545, 546–47 (A.F. Ct. Crim. App. 2017).

## II. Air Force Court of Criminal Appeals Decision

On appeal, Appellant argued that the convening authority could not order his military sentence to be served consecutively to his federal sentence. The lower court found:

> Given the support for this disposition in DoD and Air Force regulatory guidance and the absence of conflicting authorities within the UCMJ, we find the convening authority's action was sufficient to toll the effective date of confinement under Article 57(b), UCMJ, and thereby require Appellant's military sentence to confinement be served consecutively with his federal sentence.

*Mooney*, 76 M.J. at 549–50.

### III. Waiver

Before reaching the granted issue, we must consider whether Appellant has waived review of this issue. The Government contends that Appellant's unconditional guilty plea and his pretrial agreement, stating he would "waive all motions which may be waived under the Rules for Courts-Martial" precludes him from challenging the convening authority's action on appeal.

This Court does "not review waived issues because a valid waiver leaves no error to correct on appeal." *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017). We have long recognized the general proposition that "[a]n unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings." *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010). Rule for Courts-Martial (R.C.M.) 910(j) provides a "bright-line rule" that an unconditional guilty plea "which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made." *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009).

This issue arose during the SJA's post-trial recommendation and the convening authority's action. We therefore do not find *Bradley* applicable because whether a convening authority has the power to order a consecutive sentence is not a pretrial defect. Furthermore, this issue is not a factual issue relating to Appellant's guilt. Additionally, because this issue did not arise until post-trial, there was no motion to be made during the court-martial. In fact, Appellant affirmatively objected at the earliest opportunity; when the SJA first proposed it to the convening authority in the addendum to the SJA's post-trial recommendation. *Mooney*, 76 M.J. at 547. For these reasons, waiver does not apply and we may reach the merits of the granted issue.

**IV. Discussion**

We review questions of statutory construction de novo. *United States v. Atchak*, 75 M.J. 193, 195 (C.A.A.F. 2016). Article 57(b), UCMJ, 10 U.S.C. § 857(b), states, "[a]ny period of confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged by the court-martial, but periods during which the sentence to confinement is suspended or deferred shall be excluded in computing the service of the term of confinement."

"It is a fundamental tenet of statutory construction to construe a statute in accordance with its plain meaning." *Loving v. United States*, 62 M.J. 235, 240 (C.A.A.F. 2005). On its face, Article 57(b), UCMJ, expressly requires that the sentence of a court-martial to confinement runs from the date of adjudication. Thus, once confinement is adjudged, only if it is then "suspended or deferred" does the confinement not run concurrently. Additionally, though not expressly set out as an exception under Article 57(b), UCMJ, a previously adjudged military sentence to confinement may be interrupted pending proceedings in a "civil tribunal" under Article 14(b), UCMJ, 10 U.S.C. § 814(b).

In this case, the convening authority's action fails to specify whether he was deferring or interrupting Appellant's court-martial sentence. While we do not condone this lack of specificity in the convening authority's action, we largely agree with the lower court that "although the convening authority did not use the term 'deferment' in disposing of Appellant's case, it is clear from the language of the action that Appellant's military sentence to confinement was ordered to be deferred, postponed, or otherwise interrupted until completion of his federal sentence to confinement."[1]

---

[1] Article 57(e), UCMJ, 10 U.S.C. § 857(e), provided:

> (e)(1) In any case in which a court-martial sentences a person referred to in paragraph (2) to confinement, the convening authority may postpone the service of the sentence to confinement, without the consent of that person, until after the person has been permanently released to the armed forces by a State or foreign country referred to in that paragraph.

Article 57(e) was redesignated as Article 57a(b) by § 1123(a) of the National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, 110 Stat. 186, 463–64 (codified as amended at 10

*Mooney*, 76 M.J. at 549. We must now determine whether the convening authority was permitted to interrupt or defer Appellant's military sentence to confinement.

## A. Interruption

Article 14(b), UCMJ, states:

> When delivery under this article is made to any civil authority of a person undergoing sentence of a court-martial, the delivery, if followed by conviction in a civil tribunal, interrupts the execution of the sentence of the court-martial, and the offender after having answered to the civil authorities for his offense shall, upon the request of competent military authority, be returned to military custody for the completion of his sentence.

This statute requires that an accused was tried, sentenced, and serving the adjudged military confinement prior to his release to the civilian authorities to face trial by them. In this case, the reverse is true, as Appellant was serving a federal sentence and was released by the United States Marshal for the District of Delaware to face trial by court-martial. Therefore, the convening authority was not permitted to interrupt the execution of Appellant's court-martial sentence. *See United v. Bramer*, 45 M.J. 296, 299 (C.A.A.F. 1996) (holding Article 14(b), UCMJ, inapplicable where the civil confinement is imposed prior to a court-martial sentence).

## B. Deferment

Article 57a, UCMJ, permits a convening authority to defer a court-martial sentence in two situations.[2] First, Article 57a(a), UCMJ, states:

---

U.S.C. § 857a(b) (2012)). That section substituted the word "defer" for the word "postpone." *Id.* § 1123(a)(3). There is no meaningful distinction between "defer" and "postpone." *See* R.C.M. 1101(c)(1) ("Deferment of a sentence to confinement, forfeitures, or reduction in grade is a postponement of the running of the sentence.").

[2] Article 57a(c), UCMJ, permits the Secretary to defer a sentence when the Judge Advocate General certifies a case to this Court. This provision is inapplicable to Appellant's case as the convening authority, not the Secretary, tolled Appellant's court-martial sentence and the Judge Advocate General did not certify this case to this Court.

> On application by an accused who is under
> sentence to confinement that has not been ordered
> executed, the convening authority or, if the accused
> is no longer under his jurisdiction, the officer
> exercising general court-martial jurisdiction over
> the command to which the accused is currently
> assigned, may in his sole discretion defer service of
> the sentence to confinement.

Article 57a(a), UCMJ, provides no basis for the convening authority's action because Appellant did not request deferment of his sentence to confinement.

Second, Article 57a(b), UCMJ, states:

> (1) In any case in which a court-martial sentences a person referred to in paragraph (2) to confinement, the convening authority may defer the service of the sentence to confinement, without the consent of that person, until after the person has been permanently released to the armed forces by a State or foreign country referred to in that paragraph.
>
> (2) Paragraph (1) applies to a person subject to this chapter who—
>
>> (A) While in the custody of a State or foreign country is temporarily returned by that State or foreign country to the armed forces for trial by court-martial; and
>>
>> (B) After the court-martial, is returned to that State or foreign country under the authority of a mutual agreement or treaty, as the case may be.
>
> (3) In this subsection, the term "State" includes the District of Columbia and any commonwealth, territory, or possession of the United States.

Article 57a(b), UCMJ, is inapplicable because Appellant was in federal custody not in the custody of a state or foreign country when he was returned to the Air Force for trial by court-martial. Nonetheless, the lower court found that because the various provisions of Article 57 and 57a, UCMJ, were inapplicable to Appellant's case, the convening authority correctly relied upon regulatory guidance to order Appellant's sentence to run consecutively with his federal sentence.[3] *Mooney*, 76 M.J. at 547.

---

[3] With regard to the imposition of consecutive or concurrent sentences within the military, the Department of Defense has

We disagree. In *Bramer*, 45 M.J. at 299, we explained that prior to the enactment of Article 57a(b), "the clearest rule of law was that a Secretary of a Department could promulgate a regulation which determined when sentences would run concurrently or consecutively and that, at a minimum, misconduct which occurred after the first sentence to confinement began could result in a consecutive sentence." However, we further explained:

> The amendment to Article 57 makes it clear that it is a convening authority's decision whether to defer the running of the sentence. Thus, in the absence of a convening authority's decision to defer, the military member's sentence would continue to run from the date of adjudication; it would not be automatically consecutive.
>
> Therefore, first, Article 57(b) compels us to conclude that a member's sentence to confinement runs from the date it is adjudged. Second, it may be deferred by the convening authority under Article 57a(b). Third, if it is not deferred, then the sentence to confinement would run concurrently with any state sentence an accused was serving.

*Id.* Instead of granting convening authorities broad discretion to defer confinement, Congress has constrained

---

directed that "[a] sentence to confinement adjudged by a court-martial shall not be served concurrently with any other sentence to confinement adjudged by a court-martial or a civil court." Dep't of Defense, 1325.7-M, DoD Sentence Computation Manual ch. 2, para. C2.7.1 (July 24, 2004, reprint incorporating through Change 2, Mar. 9, 2007). The Secretaries of the Army and Air Force have promulgated similar joint guidance for service confinement sentences. Dep'ts of the Army and Air Force, Army Reg. 633-30/Air Force Reg. 125-30, Apprehensions and Confinements, Military Sentences to Confinement para. 4.*b* (Dec. 2, 2015). "Secretaries of [Military] Departments may promulgate rules and regulations, and they are presumptively valid unless arbitrary and unreasonable or contrary to or inconsistent with the Code." *Bramer*, 45 M.J. at 298 (internal quotation marks omitted) (citation omitted). While not necessary for resolution of the granted issue, we note that Article 57a(b), UCMJ, gives the convening authority the discretion to defer an accused's sentence to confinement, while the regulation operates automatically, seemingly depriving the convening authority of such discretion. This inconsistency leads us to question the continued validity of the regulation.

this power to when certain conditions are met. Under the UCMJ, those prerequisites are: (1) the member is "in the custody of a State or foreign county," (2) the member is "temporarily returned by that State or foreign country to the armed forces for trial by court-martial," and (3) "after the court-martial, [the member] is returned to that State or foreign country under the authority of a mutual agreement or treaty." Article 57a(b)(2), UCMJ. Under the cannon of statutory construction expressio unius est exclusio alterius (the inclusion of one is the exclusion of others), it follows that when Congress expressly provided for deferment when a member is in custody of a state or foreign country, they intended to exclude when a member is in custody of the federal government. *See,* e.g., *United States v. Wilson*, 76 M.J. 4, 7 (C.A.A.F. 2017); *United States v. Cline*, 29 M.J. 83, 86 (C.M.A. 1989); *United States v. Kick*, 7 M.J. 82, 88–89 (C.M.A. 1979) (Perry, J., dissenting). Therefore, Article 57a(b)(1), UCMJ, does not authorize the convening authority to defer Appellant's sentence to confinement and the convening authority was not permitted to rely on a regulation to come to a different conclusion.

In light of the comprehensive statutory scheme for deferring and interrupting sentences under Articles 14, 57 and 57a, UCMJ, the convening authority was not authorized to order a consecutive sentence where a federal conviction is followed by a court-martial conviction.[4] Accordingly, pursuant to Article 57(b), UCMJ, Appellant's sentence to confinement began running on the date it was adjudged.

## V. Conclusion

The convening authority's action is void ab initio by ordering Appellant's adjudged court-martial sentence to run consecutively to his previously adjudged federal sentence. The decision of the United States Air Force Court of Criminal Appeals is reversed, and the convening authority's

---

[4] It is not altogether clear why deferment under Article 57a(b), UCMJ, is unavailable when an accused is in the custody of the federal government, or why interruption does not flow in the opposite direction for purposes of Article 14, UCMJ. But regardless of how opaque the rationale for a statute might be, the plain language meaning must be enforced and is rebutted only in "rare and exceptional circumstances." *Ardestani v. I.N.S.*, 502 U.S. 129, 135 (1991) (internal quotation marks omitted) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)).

action is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for a new action by the same or a different convening authority.