# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38929 (rem)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Sean C. MOONEY**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Upon further review after remand from the United States Court of
Appeals for the Armed Forces

Decided 14 February 2019

————————————

*Military Judge:* Francisco Mendez.

*Approved sentence:* Dishonorable discharge, confinement for 2 years,
forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 1 September 2015 by GCM convened at Dover Air Force Base,
Delaware.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF.

*For Appellee:* Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as
precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

This case is before us after the United States Court of Appeals for the
Armed Forces (CAAF) reversed our previous decision and set aside the convening authority's action. *United States v. Mooney*, 77 M.J. 252 (C.A.A.F. 2018).
The CAAF concluded that the action that ordered Appellant's adjudged court-martial sentence to run consecutively to his previously adjudicated federal sentence was void ab initio. The CAAF returned the record of trial to The Judge

Advocate General of the Air Force for a new action by the same or a different convening authority. *Id*. at 257.

On 19 October 2018, the convening authority took action and approved a sentence of a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The case was returned to this court and submitted for our review on its merits without assignment of error. We find the action correctly omits the language directing Appellant's military sentence to run consecutively with his previously imposed federal sentence.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866. Accordingly, the approved findings and sentence are **AFFIRMED**.[*]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[*] Although not raised by Appellant in the instant appeal, the addendum to the staff judge advocate's recommendation erroneously advised the convening authority that "[t]he defense does not allege any legal error." In fact, Appellant's clemency request asserted that he was entitled to relief because he was confined with foreign nationals in violation of Article 12, UCMJ, 10 U.S.C. § 812. Consequently, the staff judge advocate was obligated to state whether the convening authority should take corrective action. *See* Rule for Courts-Martial 1106(d)(4). Under the facts of this case we conclude the error did not result in any prejudice to Appellant and thus we decline to grant relief. *See United States v. Mooney*, 76 M.J. 545, 551 (A.F. Ct. Crim. App. 2017) (denied Appellant relief for alleged violation of Article 12, UCMJ).